IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOMINIC FRANK ACCETTA,

    Petitioner,        No. CIV-S-03-2210 FCD KJM P

    vs.

EDWARD ALAMEIDA,

    Respondent.        <u>FINDINGS AND RECOMMENDATIONS</u>

                              /

Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He challenges his Sacramento County conviction for possession of methamphetamine in violation of Cal. Health and Safety Code § 11377(a) and the resulting "one strike" sentence, Cal. Penal Code § 667(b)-(I).[1]

/////
/////
/////
/////

---

[1] Petitioner is serving an additional sentence for a Sacramento County conviction for being a felon in possession of a firearm, but does not challenge that conviction and sentence in this proceeding.

I. Factual And Procedural Background

After unsuccessfully litigating a motion to suppress the drugs seized in a search of the car he was driving, petitioner entered a no contest plea to the possession charge. CT 41, 58-59; RT 448-476, 536-537.[2]

The Court of Appeal summarized the facts of the drug charge, taken from the suppression hearing, which are consistent with this court's reading of the record:

> . . . Sacramento Police Officer Jared Ueda testified that at 10:57 p.m. on July 24, 2000, he was a passenger in a marked patrol car near the intersection of Stockton Boulevard and Lemon Hill; his partner, Officer John Pike, was driving. They saw a two-door bronze Buick Riviera heading northbound on Stockton Boulevard and observed an expired registration tag on its rear license plate. They confirmed through dispatch that the car's registration was expired, then stopped the car near the intersection. Officer Pike spoke to defendant, the sole occupant, and discovered he did not have a valid driver's license or identification on his person. They detained him by putting him in the back of the patrol car. After he gave his name, they determined he was on searchable probation. Officer Ueda then searched defendant's car, where he found a film canister containing methamphetamine in the console. At no time during the traffic stop did Officer Ueda see any temporary registration on any window of defendant's car.
>
> On cross-examination, Officer Ueda testified that the patrol car was originally headed southbound on Stockton Boulevard; the officers made a U-turn to follow defendant. They did not observe the expired registration tag on the car's rear license plate until after they had made the U-turn. . . . .
>
> Defendant testified he was driving his wife's car. It had a valid temporary registration sticker on the driver's-side back window. The car's registration, which was current, was in the glove compartment.
>
> On cross-examination, defendant admitted the registration tag on the license plate had expired. He did not have his driver's license or any other identification when the officers stopped him.

/////

/////

---

[2] "CT" refers to the Clerk's Transcript and "RT" to the Reporter's Transcript of the state court proceedings, lodged with this court.

> Defense counsel argued the officers targeted defendant's car before spotting the expired registration tag and therefore must have been looking for a pretext to detain defendant. Officer Ueda's failure to check the car windows or to ask for the car's registration further showed the pretextual nature of the stop.

Answer, Ex. D at 17-18.

II. <u>Standards Under The AEDPA</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Federal habeas corpus relief also is not available for any claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA"). See <u>Ramirez v. Castro</u>, 365 F.3d 755, 773-75 (9th Cir. 2004) (Ninth Circuit affirmed lower court's grant of habeas relief under 28 U.S.C. § 2254 after determining that petitioner was in custody in violation of his Eighth Amendment rights and that § 2254(d) does not preclude relief); <u>see also</u> <u>Lockyer v. Andrade</u>, 538 U.S. 63, 70-71 (2003) (Supreme Court found relief precluded under § 2254(d) and therefore did not address the merits of petitioner's Eighth Amendment claim).[3] Courts are not required to address the merits of a particular claim, but may simply deny a habeas application on the ground

---

[3] In <u>Bell v. Jarvis</u>, 236 F.3d 149, 162 (4th Cir. 2000), the Fourth Circuit Court of Appeals held in a § 2254 action that "any independent opinions we offer on the merits of constitutional claims will have no determinative effect in the case before us . . . At best, it is constitutional dicta." However, to the extent <u>Bell</u> stands for the proposition that a § 2254 petitioner may obtain relief simply by showing that § 2254(d) does not preclude his claim, this court disagrees. Title 28 U.S.C. § 2254(a) still requires that a habeas petitioner show that he is in custody in violation of the Constitution before he or she may obtain habeas relief. See <u>Lockyer</u>, 538 U.S. at 70-71; <u>Ramirez</u>, 365 F.3d at 773-75.

1  that relief is precluded by 28 U.S.C. § 2254(d).  Lockyer, 538 U.S. at 71 (overruling Van Tran v.
2  Lindsey, 212 F.3d 1143, 1154-55 (9th Cir. 2000) in which the Ninth Circuit required district
3  courts to review state court decisions for error before determining whether relief is precluded by
4  § 2254(d)).  It is the habeas petitioner's burden to show he is not precluded from obtaining relief
5  by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

6  The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are
7  different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to"
> clause if the state court applies a rule different from the governing
> law set forth in our cases, or if it decides a case differently than we
> have done on a set of materially indistinguishable facts.  The court
> may grant relief under the "unreasonable application" clause if the
> state court correctly identifies the governing legal principle from
> our decisions but unreasonably applies it to the facts of the
> particular case.  The focus of the latter inquiry is on whether the
> state court's application of clearly established federal law is
> objectively unreasonable, and we stressed in Williams [v. Taylor,
> 529 U.S. 362 (2000)] that an unreasonable application is different
> from an incorrect one.

15  Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the
16  law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply
17  fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8
18  (2002).

19  The court will look to the last reasoned state court decision in determining
20  whether the law applied to a particular claim by the state courts was contrary to the law set forth
21  in the cases of the United States Supreme Court or whether an unreasonable application of such
22  law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002).  Where the state court fails
23  to give any reasoning whatsoever in support of the denial of a claim arising Constitutional or
24  federal law, the Ninth Circuit has held that this court must perform an independent review of the
25  record to ascertain whether the state court decision was objectively unreasonable.  Himes v.
26  Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court

4

applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

It is appropriate to look to lower federal court decisions to determine what law has been "clearly established" by the Supreme Court and the reasonableness of a particular application of that law. See Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999).

III. Fourth Amendment Claims

Petitioner argues that his conviction is based on evidence secured through an unconstitutional search and seizure and unlawful arrest. Petition (Pet.) at 5. Respondent counters that any Fourth Amendment claim is barred by Stone v. Powell, 428 U.S. 465 (1976), because petitioner received a full and fair opportunity to litigate his claim, an opportunity he pursued. Answer at 11-12.

In Stone, the Supreme Court held "we conclude that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 494. The Ninth Circuit has recognized that when a litigant has the opportunity to brief his claims and have them considered by the state courts, he has received what Stone requires. See Terrovona v. Kincheloe, 912 F.2d 1176, 1179 (9th Cir. 1990); Locks v. Sumner, 703 F.2d 403, 408 (9th Cir. 1983) (petitioner received full and fair opportunity to litigate even though court of appeal considered evidence not offered at suppression hearing to uphold search).

In this case, petitioner not only had the opportunity to brief his claims, he submitted a written motion to suppress the drugs seized from his car and had an evidentiary hearing on his contentions. See Traverse at 3 & Ex. B. This court cannot consider his challenge.

IV. Evidence Of His Possession

Petitioner suggests he "should not be liable for the contains [sic] in a vehicle, that is register [sic] in another name . . . ." Pet. at 5. To the extent petitioner is challenging the

evidentiary basis of his conviction, his attempt is unavailing.

The Supreme Court has held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process.  When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

Tollett v. Henderson, 411 U.S. 258, 267 (1973).  It has further explained:

> . . .The point of these cases is that a counseled plea of guilty is an admission of factual guilt so reliable that, where voluntary and intelligent, it *quite validly* removes the issue of factual guilt from the case. In most cases, factual guilt is a sufficient basis for the State's imposition of punishment. A guilty plea, therefore, simply renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established.

Haring v. Prosise, 462 U.S. 306, 321 (1983) (emphasis in original; citation omitted).  A no contest plea has the same effect as a guilty plea.  Cal. Penal Code, § 1016.

There are two exceptions to the general rule that a plea of guilty or no contest precludes the availability of constitutional challenges.  Claims that implicate "the very power of the State to bring the defendant into court to answer the charge brought against him" are cognizable in a habeas proceedings, as are those claims the state recognizes as surviving a guilty plea.  Blackledge v. Perry, 417 U.S. 21, 30 (1974); Lefkowitz v. Newsome, 420 U.S. 283, 289 (1975).  Claims that may be raised on collateral attack following a guilty plea include vindictive prosecution, a violation of the Double Jeopardy Clause, prosecution under an unconstitutional or unconstitutionally vague statute, and possibly selective prosecution, as well as claims that implicate the "'very power of the State' to accept [a] guilty plea . . . ." United States v. Garcia-Valenzuela, 232 F.3d 1003, 1006-07 (9th Cir. 2000).

Neither the federal nor the state courts permit a challenge to evidentiary sufficiency following a guilty plea.  McCarthy v. United States, 394 U.S. 459, 466 (1969) ("a

1  guilty plea is an admission of all the elements of a formal criminal charge")[4]; Kelley v. State of
2  Alabama, 636 F.2d 1082, 1083 (5th Cir. 1981); People v. Robinson, 56 Cal.App.4th 363, 369 (3d
3  Dist. 1997) ("a guilty plea . . . concedes that the prosecution possesses legally admissible
4  evidence sufficient to prove defendant's guilt beyond a reasonable doubt"); see People v.
5  DeVaughn, 18 Cal.3d 889, 895 (1977) (discussion of limited issues available for appeal
6  following plea).  Petitioner's oblique attack on the evidentiary underpinnings for his conviction is
7  not cognizable in this court.

          Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

          These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  June 9, 2006.

_____
UNITED STATES MAGISTRATE JUDGE

2
acet2210.157

---

[4] McCarthy was decided before Federal Rule of Criminal Procedure 11 was modified to require more elaborate procedures in the taking of a guilty plea.  See, e.g., United States v. Jaramillo-Suarez, 857 F.2d 1368 (9th Cir. 1988).